UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL STARR, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>PLITEK, L.L.C., )<br>      Defendant. ) | Case No.:<br>JURY DEMANDED |

## COMPLAINT

NOW COMES, the Plaintiff MICHAEL STARR ("Plaintiff"), by and through his attorneys, Kreitman Law, LLC, complaining of the Defendant, PLITEK, L.L.C. ("Defendant"), and states as follows:

## PARTIES

1. At all times relevant to this Complaint, Plaintiff was a citizen of the State of Illinois.

2. At all times relevant to this Complaint, the Defendant was an Illinois corporation, and operated a business manufacturing custom die cut components and converted materials for a wide range of applications with a primary office located at 69 Rawls Road, Des Plaines, Illinois 60018.

3. At all times relevant to this Complaint, Defendant was engaged in an industry or activity affecting commerce, employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year within 75 miles of the Des Plaines, Illinois office and was a covered employer within the meaning of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 (4), *et seq.*

1

4. At all times relevant to this Complaint, Plaintiff was a "covered employee" of Defendant, having worked for the Defendant for at least 12 months and having at least 1,250 hours of service with Defendant during the 12 month period prior to July 2019. 29 U.S.C. § 2611(2)(A).

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction arising under the FMLA, 29 U.S.C.A. § 2601, *et seq*.

6. Venue is properly placed in this District because the Defendant is transacting business in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District pursuant to 28 U.S.C. §1391(b)(2) and (3).

## GENERAL ALLEGATIONS

7. On or about May 31, 2018, Defendant hired Plaintiff as a full-time Mechanical Design & Field Services Engineer.

8. At all times material to this Complaint, Plaintiff suffered from generalized anxiety disorder, adult attention deficit hyperactivity disorder and other anxiety related disorders that substantially limited one or more of his major life activities, including his ability to breathe, speak and interact with others during anxiety attacks. This condition is managed with medication, therapy and occasional removal of Plaintiff from social triggers of anxiety.

9. Plaintiff's mental health condition is regularly treated by licensed medical professionals. In the summer of 2019, Plaintiff was receiving weekly and/or bi-weekly treatment from medical professionals for his anxiety and mental health conditions.

10. At all times relevant to this Complaint, Plaintiff's mental health conditions constituted a "serious health condition" within the meaning of the FMLA, 29 U.S.C. § 2611(11), *et seq*.

11. Plaintiff was able to perform all of the essential job functions for his position as Mechanical Design & Field Services Engineer for Defendant with a reasonable accommodation for intermittent medical leave to facility occasional removal of Plaintiff from social triggers of anxiety.

12. Plaintiff was meeting the legitimate employment expectations of Defendant during his employment.

13. In the summer of July 2019, Defendant permitted Plaintiff's coworkers to gossip about his mental health. Management, including CEO Karl Hoffman, discounted Plaintiff's anxiety condition to his face, aggravating Plaintiff's condition and making it manifest weekly symptoms of anxiety attacks.

14. Nonetheless, because of Plaintiff's job performance, on July 31, 2019, Plaintiff was offered a promotion by management over a lunch. Plaintiff was qualified for the offered promotion and could have performed the essential job functions of the offered position with reasonable accommodations.

15. During a disagreement related to the proposed salary increase with the offered promotion, Plaintiff suffered an anxiety attack.

16. Beginning with this anxiety attack, Plaintiff was temporarily unable to work due to anxiety symptoms and began using medical leave.

17. At this time, Plaintiff was entitled to use FMLA, 29 U.S.C. § 2612(1)(d), as he was temporarily rendered unable to perform the job functions due to his qualified serious health condition.

18. Plaintiff was requested by Defendant to submit FMLA medical documentation for this leave and Plaintiff timely complied.

19. Thereafter, Defendant requested, and Plaintiff provided a more legible FMLA documentation from his medical provider.

20. Defendant thereafter approved Plaintiff's requested FMLA leave through approximately the end of September 2019.

21. In early September 2019, Plaintiff returned to Defendant's office to pay his insurance premium and inquire about returning to work. He found his office had been cleared out, and Plaintiff was aggressively confronted by a management official about his presence at the office and told him he would need a medical release authorizing his return to work. This confrontation, and seeing his office emptied out, aggravated Plaintiff's anxiety and required Plaintiff to continue his FMLA medical leave.

22. Internal emails obtained by Plaintiff reflect that Mr. Hoffman considered Plaintiff's FMLA leave "almost fraudulent" in a discussion to an individual outside of the employer who was not a medical professional and was unqualified to evaluate Plaintiff's medical condition.

23. On or about September 24, 2019, during Plaintiff's FMLA leave, Defendant emailed Plaintiff that his employment was terminated and offered a small severance package.

24. Plaintiff rejected the proposed severance and replied that he was just offered a promotion prior to his FMLA leave.

25. On September 25, 2019, Defendant responded, telling Plaintiff that the offered promotion was withdrawn.

26. In further correspondence this day, Defendant told Plaintiff that he could return to a "maintenance technician" position, and that he would not be returned to his prior engineer position.

27. The proposed "maintenance technician" position had substantially altered job responsibilities compared to Plaintiff's prior engineer position.

28. The proposed "maintenance technician" and removed Plaintiff's previous design related job responsibilities, engineer training opportunities, removed career advancement possibilities in engineering, changing of direct supervisors and loss of an office.

29. On September 25, 2019, Plaintiff rejected the proposed removal from his engineer position, and was subsequently terminated from employment.

30. At all times material to this Complaint beginning at least in the summer of 2019, Defendant had actual and/or constructive knowledge of Plaintiff's mental health condition.

31. Plaintiff was able to perform all of the essential job functions of his position for the Defendant, with reasonable accommodations, including occasional medical leave necessary to remove Plaintiff from social anxiety triggers to permit Plaintiff to recover from anxiety attacks.

32. Defendant's terminations of Plaintiff from the engineer position on September 24, 2019, and September 25, 2019, denial of the previously offered promotion and proposed removal of Plaintiff's job duties on September 25, 2019, constituted bad-faith, knowing, willful, intentional and wanton interference with Plaintiff's right to access FMLA leave.

33. Defendant's terminations of Plaintiff from the engineer position on September 24, 2019, and September 25, 2019, denial of the previously offered promotion and proposed removal of Plaintiff's job duties on September 25, 2019, constituted bad-faith, knowing, willful, intentional and wanton retaliation with Plaintiff's access of FMLA leave.

34. As a direct and proximate result of this intentional and unlawful FMLA interference and FMLA retaliation, Plaintiff has sustained significant lost wages, lost future earning capacity and has incurred attorney's fees and costs in this matter.

## COUNT I
## BAD FAITH FMLA INTERFERENCE
### 29 U.S.C. §2615(a)(1), *et seq.*
### Plaintiff v. Defendant

1-34. Plaintiff incorporates and re-alleges Paragraphs 1-34 of this Complaint herein this Paragraph of Count I of this Complaint.

35. At all times relevant to this Complaint, the FMLA guaranteed eligible employees who take leave under Section 2612 of the FMLA the right to reinstatement to the same or an equivalent position following return from FMLA leave. 29 U.S.C. § 2614(a).

36. At all times relevant to this Complaint, the FMLA prohibited "any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter". 29 U.S.C. §2615(a)(1).

37. Defendant wrongfully interfered with Plaintiff's right to take FMLA for his serious medical condition when it denied Plaintiff an offered promotion, terminated, then offered reinstatement to a substantially worse position as a "maintenance technician" then again terminated Plaintiff between September 24, 2019 – September 25, 2019, as described herein this Complaint.

38. Plaintiff will be amending this Complaint following exhaustion of administrative remedies to include disability discrimination and retaliation.

39. This interference was in bad faith, and was knowing, intentional, willful and wanton.

40. As a result of this interference, Plaintiff lost his employment, lost past and future wages and incurred attorney's fees and costs in this matter.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Damages sufficient to compensate Plaintiff for his actual monetary damages;

6

    b. An additional amount equal to double Plaintiff's actual monetary damages as liquidated damages;

    c. Reinstatement or Front Pay;

    d. Pre-judgement and post-judgment interest;

    e. Reasonable attorney's fees;

    f. Costs of this action; and

    g. Any and all other relief that this Honorable Court may deem just and equitable.

## COUNT II
## BAD FAITH FMLA RETALIATION
## 29 U.S.C. §2615(a)(2), *et seq.*
## Plaintiff v. Defendant

1-34.    Plaintiff incorporates and re-alleges Paragraphs 1-34 of this Complaint herein this Paragraph of Count II of this Complaint.

35.    At all times relevant to this Complaint, the FMLA guaranteed eligible employees who take leave under Section 2612 of the FMLA the right to reinstatement to the same or an equivalent position following return from FMLA leave. 29 U.S.C. § 2614(a).

36.    At all times relevant to this Complaint, the FMLA prohibited "any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter". 29 U.S.C. §2615(a)(2).

37.    Defendant wrongfully retaliated against Plaintiff for his use of FMLA protected leave for his serious medical condition when it denied Plaintiff an offered promotion, terminated, then offered reinstatement to a substantially worse position as a "maintenance technician" then again terminated Plaintiff between September 24, 2019 – September 25, 2019, as described herein this Complaint.

38. Defendant wrongfully retaliated against Plaintiff on September 25, 2019, when it terminated Plaintiff after his refusal to be reinstated to a substantially worse position as a "maintenance technician", which constituted protected activity within the meaning of the FMLA.

39. Plaintiff will be amending this Complaint following exhaustion of administrative remedies to include disability discrimination and retaliation.

40. This retaliation was in bad faith, and was knowing, intentional, willful and wanton.

41. As a result of this interference, Plaintiff lost his employment, lost past and future wages and incurred attorney's fees and costs in this matter.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Damages sufficient to compensate Plaintiff for his actual monetary damages;
b. An additional amount equal to double Plaintiff's actual monetary damages as liquidated damages;
c. Reinstatement or Front Pay;
d. Pre-judgement and post-judgment interest;
e. Reasonable attorney's fees;
f. Costs of this action; and
g. Any and all other relief that this Honorable Court may deem just and equitable.

**JURY TRIAL DEMANDED FOR ALL PERMISSIBLE COUNTS.**

Respectfully submitted,

By: \_\_/s/ Nicholas Kreitman\_\_\_
Nicholas Kreitman
Plaintiff's Attorney

Nicholas Kreitman

Kreitman Law, LLC
22 West Washington Street
15th Floor
Chicago, IL 60602
Attorney ID # 6313283
(312) 332-1400
njk@kreitmanlaw.com